| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO.: 4:17-cr-00248-RBH-2 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JEFFREY SCOTT HEILMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## PRELIMINARY ORDER OF FORFEITURE

This matter is before the Court on the Motion of the United States for a Preliminary Order of Forfeiture as to Defendant Jeffrey Scott Heilman ("Heilman", "Defendant"), based upon the following:

1.       On March 22, 2017, a multi-count Indictment was filed charging Heilman with drug trafficking, in violation of 21 U.S.C. §§ 841 and 846.

2.       Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a notice of forfeiture providing that upon Heilman's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States.  As specified, such assets include, but are not limited to the following:

A.       Proceeds/Money Judgment:[1]

A sum of money equal to all property the Defendants obtained as a result of the drug offenses charged in the Indictment, that is a minimum of $481,050.00, and all interest and proceeds traceable as a result of their violations of 21 U.S.C. §§ 841 and 846, for which the defendants are jointly and severally liable.

---

[1] The Government is not pursuing a money judgment against this Defendant.

B.    <u>Vehicles:</u>[2]

    1.  2012 Toyota Tacoma
       VIN# 5TFTX4GN7CS012627
       Registered to:  Dennis Owen Heilman

    2.  2008 GMC Sierra 2500
       VIN# 1GTHK23K08F154383
       Registered to: Jeffrey Scott Heilman

3.    On May 8, 2017, the Government filed a Second Bill of Particulars for Forfeiture of Property regarding property alleged in the Indictment, as being subject to forfeiture to the United States.  Such property includes, but is not limited to the following:

a.    Real Property: [3]

As traceable to proceeds:

Real property located at Lot 141, Cypress River Plantation, located in Myrtle Beach, Horry County, South Carolina, 29579, in the name of Jeffrey S. Heilman and Dennis O. Heilman, formally described as follows:

ALL AND SINGULAR, that certain piece, parcel or lot of land, situate, lying and being in Horry County, South Carolina, designated as Lot 141 of Cypress River Plantation, as shown on that certain plat of Cypress River, Phase 3, prepared by DDC Engineers, Inc., dated April 6, 2005, last revised June 6, 2005 and recorded June 7, 2005, in Plat Book 205 at Page 189, records of Horry County, South Carolina, reference to which is hereby made for a more complete description.

This property is subject to that certain Declaration of Protective Covenants, Restrictions, Easements, Charges, and Liens for Cypress River Plantation recorded June 14, 2004 in Deed Book 2746 at Page 1226, records of Horry County, South Carolina, and all amendments thereto, and all easements and restrictions of record and easements on the ground.

This being a portion of the property conveyed to Enterprise Road Development, LLC by deed of Canal Land III, LLC, the Gibson-Wall Company and Katherine C. Sledge dated December 30, 2003 and recorded December 31, 2003 in Deed Book 2681 at Page 1227, records of Horry County, South Carolina and by Deed of Ponderosa, Inc. dated December 30, 2003 and recorded December 31, 2003 in Deed Book 2681 at Page 1233, records of Horry County, South Carolina.

---

[2] The government is not pursuing forfeiture of the 2012 Toyota Tacoma and 2008 GMC Sierra 2500.
[3] Due to the net equity, the government is not pursuing forfeiture of Lot 141, Cypress River Plantation, Myrtle Beach, South Carolina.

TMS #: 184-33-01-001
Asset ID: 17-DEA-631193

b. <u>Bank Account:</u>[4]

As proceeds:

$5,984.54 in funds seized from CresCom Bank
In the name of Dennis O. Heilman
Account Number: ******2620
Asset ID: 17-DEA-630054

c. <u>Cash/US Currency:</u>

As proceeds:

(1) $14,001.00 in funds seized pursuant to Federal Search Warrant in a safe deposit box[5]
In the name of Dennis Owen Heilman
Asset ID No.: 17-DEA-629990

(2) $12,020.00 in funds seized on March 29, 2017
In the name of Jeffrey Scott Heilman
Asset ID No.: 17-DEA-629992

(3) $3,067.00 in funds seized on March 29, 2017[6]
In the name of Jeffrey Scott Heilman
Asset ID No.: 17-DEA-629989

4.     On October 19, 2017, Heilman pled guilty pursuant to a written plea agreement to Count 1 to conspiracy to possess with intent to distribute and distribute Oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846 and agreed to the forfeiture of the $12,020.00 in United States currency.

5.     Based on Defendant's conviction and other matters of record, the Court has determined that Heilman has an interest in the below-described property, and that the property is

---

[4] The $5,984.54 in funds seized from CreCom Bank have been administratively forfeited.
[5] The $14,001.00 in funds seized pursuant to Federal Search Warrant in a safe deposit box have been administratively forfeited.
[6] The $3,067.00 in funds seized have been administratively forfeited.

subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 853 and 881 and 28 U.S.C. § 2461(c).

6. The Court has determined that the Government has established the requisite nexus between the said property subject to forfeiture and the offense for which Heilman has been convicted; therefore, the United States is entitled to a Preliminary Order of Forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED**,

1. The following property is hereby forfeited to the United States of America, along with all right, title, and interest of the Defendant Jeffrey Scott Heilman, in and to such property.

<u>Cash/US Currency:</u>

$12,020.00 in funds seized on March 29, 2017
In the name of Jeffrey Scott Heilman
Asset ID No.: 17-DEA-629992

2. Upon entry of the criminal judgment, this Order becomes final as to Heilman, and shall be made a part of its sentence and included in the criminal judgment.

3. The United States shall publish notice of this Order and its intents to dispose of the property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in said property.

4. Upon entry of this Order, the United States or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's office and to commence proceedings that comply with statutes governing third party rights.

5. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of

his alleged interest in the subject property and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

6.      Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

7.      After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8.      The United States shall have clear title to the property following the Court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

9.      The Court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10.     The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

        AND IT IS SO ORDERED.

October 30, 2017                          s/ R. Bryan Harwell
Florence, South Carolina                  R. Bryan Harwell
                                          United States District Judge